UHL v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. January 29, 1920.)

No. 3350.

ARMY AND NAVY ⬅20—FAILURE TO FOLLOW REGULATIONS RESPECTING CLAIM FOR EXEMPTION IN FILLING OUT QUESTIONNAIRE HELD VIOLATION OF THE LAW.

Where a registrant under Act May 18, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 2019a, 2019b, 2044a–2044k), instead of indicating any claim for exemption or deferred classification by a cross in the proper column and signing his name thereto, as required by the regulations adopted under that act, wrote across the sheet that he claimed exemption under the Constitution from all military service, except to execute the laws, suppress insurrection, and repel invasions, and signed his name thereto, he was guilty of a violation of section 6 of such act (section 2044f).

Foster, District Judge, dissenting.

In Error to the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

Arnold Jacob Uhl was convicted of violation of Act May 18, 1917, with reference to answers to questionnaire by persons claiming exemption from military service. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 252 U. S. —, 40 Sup. Ct. 584, 64 L. Ed. —.

W. A. Denson, of Birmingham, Ala., for plaintiff in error.

Erle Pettus, U. S. Atty., and Ralph W. Quinn, Asst. U. S. Atty., both of Birmingham, Ala.

Before WALKER, Circuit Judge, and FOSTER and EVANS, District Judges.

BEVERLY D. EVANS, District Judge.    Plaintiff in error was convicted of a violation of section 6 of the Act of May 18, 1917.    The indictment charged that after he had registered pursuant to the act, and had received a questionnaire to be filled out as required by the prescribed regulations, the registrant willfully and knowingly did fail and refuse to answer, swear to, and file the questionnaire as required by the rules and regulations, in that he did not answer the question at the bottom of page 1 of the questionnaire and sign his name thereto, after he had answered the series of questions in the questionnaire, and before he executed the affidavits at the end of the questionnaire.    Instead of answering the question:

"Do you claim exemption or deferred classification in respect of the registrant named above?    If so, state the division of each class and each class in which you claim that he should be classified"

—which appeared on a sheet of the questionnaire stating five classes, with divisions of each class, the registrant, without responding to any of the questions, wrote across the sheet:

"I hereby claim my exemption given me under the Constitution of the United States from any and all military service, except for the purpose of executing the laws of the Union, suppress insurrection, and repel invasions"

—and signed his name after this entry.

The questionnaire was prepared in accordance with the regulations authorized by the Act of May 18, 1917.    The regulation directing the form and manner of answering the questions appeared on the questionnaire on the page containing the classes and divisions of exemption claims as follows:

"Claim for Exemption or Deferred Classification.

"Note to Claimants.    This form is to be used for claiming exemption or deferred classification by or in respect of any registrant and for stating the grounds of claim.    Place a cross (x) in column A opposite the division that states the ground of claim."

Plaintiff in error claimed an exemption.    He indicated no purpose to waive any exemption.    His entry on the questionnaire indicated that he was not responding to the letter or the spirit of the Act of May 18, 1917, or of the regulations prescribed thereunder.    His entry of claim of exemption did not furnish the information demanded by the rules and regulations, so as to enable the board to classify him.    His whole purpose manifestly was to ignore such claims of exemption and deferred classification as the rules prescribed, and to assert a claim of exemption not recognized by the rules, and which had no foundation in fact.    The evidence disclosed a willful and utter disregard by him

of the rules and regulations which should have governed him in making a claim for exemption, and was sufficient to support the allegations of the indictment.

Judgment affirmed.

FOSTER, District Judge, dissents.